IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

EFRIEM BAILEY,                          *

    Plaintiff,                      *

vs.                                     *

SONNY G. DAVIS, SONNIE WALLACE, *    CASE NO. 4:13-CV-496 (CDL)
FORT GAINES POLICE DEPARTMENT,
and  CITY  OF  FORT  GAINES, *
GEORGIA,
                                        *
    Defendants.

_____

O R D E R

Plaintiff Efriem Bailey served his summons and complaint on
Defendant Sonny G. Davis 140 days after filing his complaint,
twenty days later than contemplated by Federal Rule of Civil
Procedure 4(m).  Davis seeks dismissal of the claims against him
based on Bailey's failure to comply with Rule 4(m), which
requires service within 120 days of the filing of an action.
Because Davis had notice of this action long before the 120-day
service deadline expired and would not otherwise be unfairly
prejudiced by an extension of the time for service and because
the statute of limitations would now bar these claims if they
are dismissed, the Court exercises its discretion and
retroactively extends the time within which Bailey may serve his
complaint on Davis so that his service is deemed timely.
Accordingly, Davis's Motion to Dismiss (ECF No. 11) is denied.

PROCEDURAL FACTS

Bailey filed suit on November 6, 2013, exactly two years after the conduct giving rise to Bailey's claims occurred. For purposes of the present motion, the Court assumes that Bailey filed the action within the applicable statute of limitations.[1] Bailey mailed all Defendants a request for waiver of service on November 20, 2013. Because Bailey did not receive an executed waiver from Davis, Federal Rule of Civil Procedure 4(m) required Bailey to serve Davis by March 6, 2014, 120 days from filing the action. On March 14, 2014, the Court issued an Order (ECF No. 3) requiring Bailey to show cause by March 28, 2014 why he had not served Davis within the 120-day time limit. On March 22, 2014, Bailey caused a summons for Davis to be issued, which was served on Davis at his residence on March 26, 2014. On March 27, 2014, Bailey responded to the Court's Order, stating that Davis had been served on March 26, 2014 and mistakenly stating that this date fell within the 120 days required by Rule 4(m). Bailey's counsel, in an unsigned affidavit, later explained that she mistakenly marked the 120-day deadline as April 6, 2014 in her calendar and that this mistaken belief indicates why Davis "did not request an extension[] or offer any other reasons in the response to the Court's order to show cause

---

[1] *See Lovett v. Ray*, 327 F.3d 1181, 1182-83 (11th Cir. 2003) (per curiam) (applying O.C.G.A. § 9-3-33 two-year statute of limitations to personal injury claims brought under Georgia law and constitutional claims brought pursuant to § 1983).

for the failure to serve." Pl.'s Resp. to Def.'s Mot. to Dismiss Attach. 1, Harris Aff. ¶ 9, ECF No. 14-1.

                              DISCUSSION

     "If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court *must* extend the time for service of process "if the plaintiff shows good cause for the failure." *Id.* If the plaintiff cannot show good cause, the Court *may* in its discretion extend the time for service if appropriate under the circumstances. *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007).

     It is doubtful that Bailey has established good cause for failure to serve his complaint within the 120-day deadline. *See id.* at 1281-82 (affirming district court's determination that plaintiffs' negligence was insufficient to show good cause). But pretermitting whether good cause has been established, the Court finds that under the circumstances the time for service should be extended. As the Eleventh Circuit has made clear, the Court must consider whether other factors warrant an extension when deciding whether to extend the time for service and may not simply refuse to extend the time limit based on a plaintiff's failure to show good cause for failing to accomplish timely

service.  *Id.* at 1282.   Such factors include whether the plaintiff's claims would be barred by the statute of limitations if the action is dismissed and whether the defendant was previously notified of the action.  *See Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1131, 1133 (11th Cir. 2005) (finding no abuse of discretion in granting extension to preserve plaintiff's claim against defendant when statute of limitations had run and defendant had notice of suit via request for waiver of service).

It appears clear that if the Court dismisses Bailey's claims against Davis, Bailey will not be able to re-file because the claims will be barred by the applicable statute of limitations.   Therefore, Bailey's tardiness of twenty days would result in a loss of those claims on the merits.   The Court finds that such a harsh result is not warranted unless allowing Bailey to maintain those claims results in unfair prejudice to Davis. The Court is not persuaded that Davis will suffer unfair prejudice.   Davis had actual notice of Bailey's claims when he received the request for waiver of service on or about November 20, 2013, well within the 120-day time limit for service. Moreover, Davis was actually served on March 26, 2014, twenty days after the 120-day deadline expired.   The Court is unpersuaded that the passage of twenty days has caused Davis any prejudice, particularly given that he has been well aware of the

4

existence of the claims against him since November of 2013. Under the circumstances, the Court extends the time for service to the date that service was actually accomplished, March 26, 2014, and denies Davis's Motion to Dismiss.

                              CONCLUSION

     For the reasons set forth above, Defendant Davis's Motion to Dismiss (ECF No. 11) is denied.


     IT IS SO ORDERED, this 3rd day of June, 2014.

                         S/Clay D. Land
                         _____
                              CLAY D. LAND
                         UNITED STATES DISTRICT JUDGE