```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION
```

EFRIEM BAILEY,                       *

    Plaintiff,                       *

vs.                                  *
                                  CASE NO. 4:13-CV-496 (CDL)
SONNY G. DAVIS, in his               *
individual capacity, SONNIE
WALLACE, in his individual           *
capacity, THE CITY OF FORT
GAINES, GEORGIA,                     *

    Defendants.                     *

                                 *

## O R D E R

The Court previously granted Defendant City of Fort Gaines, Georgia's motion for summary judgment as to the state law claims against it. The Court based its ruling on Plaintiff Efriem Bailey's failure to comply with Georgia's ante litem notice requirement. (ECF No. 33). Bailey filed a motion for reconsideration of that order. For the following reasons, Bailey's motion (ECF No. 34) is granted.

The Eleventh Circuit has recognized that reconsideration is justified when the moving party points to: (1) new evidence, (2) an intervening change or development in the law, or (3) a need to correct the court's prior clear error. *Hood v. Perdue*, 300 F. App'x 699, 800 (11th Cir. 2008) (per curiam). In support of his motion for reconsideration, Bailey presents the Court

with new evidence demonstrating compliance with Georgia's ante litem notice requirement. Specifically, Bailey presents a letter that his attorney wrote to the City, as well as an affidavit from his attorney stating that the letter was mailed to the Mayor of Fort Gaines about five months after Bailey was allegedly subjected to excessive force. That letter satisfies Georgia's ante litem notice requirement. O.C.G.A. § 36-33-5(b); *City of Chamblee v. Maxwell*, 264 Ga. 635, 636, 452 S.E.2d 488, 489-90 (1994) ("OCGA § 36-33-5(b) requires, as a condition precedent to bringing suit against a municipal corporation for damages resulting from injuries to person or property, that the claim shall have been presented to the municipal authorities within six months of the 'happening of the event upon which' the claim is predicated."). Given the new evidence of ante litem notice, the Court grants Bailey's motion for reconsideration.

Because Bailey complied with the ante litem notice requirement, the Court must consider whether a genuine factual dispute exists on his state law claims against the City. The City argues that Bailey's claims rest on a respondeat superior theory of liability and that Bailey cannot succeed on such a theory because Chief Davis was outside the scope of his employment when he struck Bailey. The Court previously concluded that a genuine factual dispute exists as to whether Chief Davis was enforcing local policy when he struck Bailey.

Consistent with that decision, the Court concludes that a genuine factual dispute exists regarding whether Chief Davis was in the scope of his employment when he struck Bailey.

Because Bailey pointed to new evidence showing that he provided ante litem notice, the Court vacates the portion of its order granting the City's motion for summary judgment as to the state law claims against it.  (ECF No. 33).  The City's motion for summary judgment is now denied in its entirety.  The Court also grants Bailey leave to amend his complaint to reflect the ante litem notice.

IT IS SO ORDERED, this 31st day of July, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA